UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIPERK, INC. F/K/A AMIGOS LOYALTY GROUP, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION H-06-2337 | |
| § | | |
| STONEBRIDGE BANK, ET AL, § | | |
| § | | |
| *Defendants.* § | | |

**MEMORANDUM AND ORDER**

Before the court are Stonebridge Bank's Motion to Remand (Dkt. #5) and Motion to Remand Intervenor's Removal (Dkt. #8). The court is of the opinion that both motions should be GRANTED in part.

**Discussion**

The plaintiff filed this lawsuit in June 2004 in the 189th Judicial District Court of Harris County, Texas. Defendant Stonebridge Bank originally removed this lawsuit on October 22, 2004 based on diversity jurisdiction. The plaintiff objected to the removal based on the untimely consent of all the defendants and successfully obtained a remand. On July 29, 2005, Stonebridge filed a counterclaim against the plaintiff for Lanham Act violations. While the case was pending in state court, Stonebridge filed two separate motions for summary judgment against the plaintiff. The hearing on the second motion was set for July 21, 2006, and the plaintiff's response to the motion was due on July 13, 2006. On July 10, 2006, several additional entities, apparently represented by the same attorneys representing the plaintiff, "intervened" in the state court proceedings. On July 13, 2006, the day its response to Stonebridge's pending summary judgment motion was due, the plaintiff removed this case under the guise of federal question jurisdiction. The only basis stated for removal

was that Stonebridge had filed a federal counterclaim under the Lanham Act. However, this exact counterclaim was originally filed in July 2005 and then again in August 2005—both dates confirmed by the documents attached in the plaintiff's Notice of Removal. *See* Dkt. #1.

After communication with Stonebridge's counsel, attorneys for the plaintiff indicated that they would voluntarily remand the case. The plaintiff then forwarded Stonebridge a proposed motion to remand, which stated that the "[p]laintiff has concluded that this court lacks jurisdiction and that the Removal was inappropriate." Dkt. #5. Despite the plaintiff's apparent recognition of its mistake, the motion was never filed. Instead, counsel for the plaintiff, also acting as counsel for the intervenors, filed a Notice of Joinder in Removal and Opposition to the Motion of Defendants to Remand on behalf of the intervenors. *See* Dkt. ##6 & 7. Although intervenors' counsel had previously removed on behalf of the plaintiff on the basis of alleged federal question jurisdiction, they joined in the removal and opposed remand because diversity jurisdiction is allegedly present.

In its motion for remand, Stonebridge argues that removal was improper on several grounds. First, the case was not timely removed because the counterclaim had been on file for nearly one year prior to the removal. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of when the case becomes removable). Second, Stonebridge asserts that the plaintiff may not remove a case based on the presence of a federal counterclaim under the Lanham Act. *See Holmes Group Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Third, Stonebridge argues that neither a plaintiff nor a counter-defendant may remove a case according to the plain language of the removal statute. *See* 28 U.S.C. § 1441(a). The court agrees with each of these reasons. As such, remand is appropriate.

Stonebridge also seeks its costs, expenses, and attorneys' fees incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447.[1] Under Section 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The decision whether or not to grant the award should be based upon the "propriety of the defendant's removal." *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). In determining the propriety of the removal, a court should consider "the merits of the defendant's case at the time of removal." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). This requires a review of "the removing party's actions based on an objective view of the legal and factual elements in [this] particular case." *Id.* at 293. Assessment of costs and fees against the removing party is within the discretion of the court and does not require a finding of bad faith or frivolity. *Miranti*, 3 F.3d at 929 (citing *News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 220 (5th Cir. 1987)); *see also Valdes*, 199 F.3d at 292 ("[T]he district court may award fees even if removal is made in subjective good faith.").

In this case, the court has no difficulty concluding that an award of costs, expenses, and attorneys' fees is appropriate. At best, the plaintiff's removal and the intervenors' joinder in that removal reflect a fundamental misunderstanding of the substantive and procedural law underlying removal jurisprudence. The removing counsel's apparent ignorance of well-established law, however, cannot serve as justification for the expenses that Stonebridge has incurred in securing a remand.

---

[1] Stonebridge has indicated that it expended $2,250.00 in attorneys' fees in responding to the plaintiff's removal, and $1,575.00 in responding to the intervenors' pleadings. Stonebridge also seeks reimbursement for an airline ticket that was not used as a result of the removal and subsequent postponement of the summary judgment motion hearing in state court. The court denies this reimbursement request.

Another view of the plaintiff's actions in this case is that they were motivated by bad faith. In particular, the court notes that the day of removal was also the day the plaintiff was due to respond to a dispositive summary judgment motion. Without deciding which of these explanations drove the plaintiff's and intervenors' conduct, the court finds that the fee-shifting award requested by Stonebridge under 28 U.S.C. § 1447(c) is warranted under either.

**Conclusion**

For the foregoing reasons, Stonebridge Bank's Motion to Remand (Dkt. #5) and Motion to Remand Intervenor's Removal (Dkt. #8) are GRANTED in part. The motions are DENIED only to the extent they seek reimbursement for an airline ticket rendered useless after the state court hearing was cancelled.

Signed at Houston, Texas on August 18, 2006.

_____
Gray H. Miller
United States District Judge